COURT OF APPEALS
DECISION
DATED AND FILED

July 7, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP2356-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2015CF4836

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

      PLAINTIFF-RESPONDENT,

  V.

JOSHUA B. KAPFHAMER,

      DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: JEFFREY A. WAGNER, Judge. *Affirmed*.

Before Donald, C.J., Colón, P.J., Geenen, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Joshua B. Kapfhamer appeals from a judgment of conviction for homicide by operation of a motor vehicle with a restricted controlled substance and an order of the circuit court denying his postconviction motion without a hearing.  On appeal, Kapfhamer argues that he is entitled to a hearing on his postconviction motion for claims of ineffective assistance of counsel and an invalid waiver of his right to testify based on what he alleges was erroneous advice from trial counsel.  He further argues that the evidence was insufficient to support his conviction.  For the reasons set forth below, we affirm.

## BACKGROUND

¶2     The State charged Kapfhamer with reckless driving causing great bodily harm related to a vehicle collision that occurred at the intersection of South 43rd Street and West Lincoln Avenue on November 2, 2015.  As alleged in the criminal complaint, Kapfhamer was waiting in his vehicle to turn left from 43rd Street to Lincoln Avenue, and when the light turned yellow, Kapfhamer turned and collided with a motorcycle driven by James Pulkilla.  After the accident, Kapfhamer admitted to police that he had "smoked three bowls of marijuana" earlier in the day, and a blood test later confirmed that an active ingredient in marijuana, delta-9-tetrahydrocannabinol, was present in his blood.  After Pulkilla died of his injuries, the State amended the charge to homicide by operation of a motor vehicle with a restricted controlled substance.

¶3     The case proceeded to a jury trial.  Kapfhamer waived his right to testify in his defense, and the jury found Kapfhamer guilty as charged.  The circuit court subsequently sentenced Kapfhamer to 20 years of imprisonment, composed of 12 years of initial confinement and 8 years of extended supervision.

¶4    Kapfhamer filed a postconviction motion, in which he raised a claim of ineffective assistance of counsel, arguing that trial counsel inaccurately advised him that the jury would be informed of his two prior convictions stemming from operating a vehicle while intoxicated if he testified in his defense. The circuit court assumed without deciding that trial counsel's performance was deficient. As to prejudice, the court rejected Kapfhamer's argument that prejudice should be presumed in this case, and found that Kapfhamer presented only conclusory allegations to support prejudice. The court denied Kapfhamer's motion without a hearing.

¶5    Kapfhamer appeals. Additional relevant facts are referenced below.

## DISCUSSION

¶6    On appeal, Kapfhamer raises three arguments: (1) ineffective assistance of counsel; (2) an invalid waiver of his right to testify; and (3) the sufficiency of the evidence to support his conviction. While Kapfhamer raises the sufficiency of the evidence as his third argument on appeal, we first turn to the sufficiency of the evidence to support Kapfhamer's conviction for homicide by operation of a motor vehicle with a restricted controlled substance.

### I.    Sufficiency of the Evidence

¶7    In reviewing a challenge to the sufficiency of the evidence, this court cannot "reverse a conviction unless the evidence, viewed most favorably to the [S]tate and the conviction, is so insufficient in probative value and force that it can be said as a matter of law that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt." *State v. Poellinger*, 153 Wis. 2d 493, 501, 451 N.W.2d 752 (1990). "[A]n appellate court may not substitute its judgment for that

of the trier of fact," and "[i]f any possibility exists that the trier of fact could have drawn the appropriate inferences from the evidence adduced at trial to find the requisite guilt, an appellate court may not overturn a verdict[.]" *Id.* at 507. Whether the evidence is direct or circumstantial, the standard for evaluating the sufficiency of the evidence remains the same. *Id.* at 503. We review a challenge to the sufficiency of the evidence independently. *State v. Smith*, 2012 WI 91, ¶24, 342 Wis. 2d 710, 817 N.W.2d 410.

¶8 The State was required to prove three elements for the offense of homicide by operation of a motor vehicle with a restricted controlled substance: (1) the defendant operated a vehicle; (2) the defendant's operation of the vehicle caused the death of the victim; and (3) the defendant had a detectable amount of a restricted controlled substance in his blood at the time he operated the vehicle. *See* WIS JI—CRIMINAL 1187; WIS. STAT. § 940.09(1)(am).[1] To cause the victim's death means "the defendant's operation of a vehicle was a substantial factor in producing the death." WIS JI—CRIMINAL 1187 (footnote omitted). Kapfhamer does not dispute the first or third elements. He argues that the evidence was insufficient to support the second element, that his operation of his vehicle caused Pulkilla's death.

¶9 In support of his argument, Kapfhamer cites testimony from the trial indicating that Pulkilla may have played a role in causing the accident to the point where Kapfhamer contends that the accident would have happened regardless of anything he did or did not do. While we agree that testimony of this nature was introduced at trial, it was nonetheless the jury's function to determine the weight

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

and credibility to assign to the testimony. *See Poellinger*, 153 Wis. 2d at 503. Considering the evidence as a whole, it was within the jury's province to disregard this testimony and find that Kapfhamer caused the accident by relying on other evidence presented. *See id.* Merely identifying that there is some evidence that might have supported a different verdict is not enough to demonstrate that the verdict is not supported by credible evidence. *See Smith*, 342 Wis. 2d 710, ¶¶24, 33 ("[T]his court will uphold the conviction if there is any reasonable hypothesis that supports it.").

¶10 The jury heard testimony from two separate witnesses to the accident who were stopped at the intersection on a red light. Both described seeing a motorcycle cross the intersection, and then another vehicle attempt to make a left-hand turn before hitting the motorcycle. Both witnesses were familiar with the intersection and believed that the motorcycle had a green light due to the state of their own lights. Additionally, Officer William Hanney, an accident reconstruction expert, described how Kapfhamer and Pulkilla likely moved through the intersection and how the ensuing accident occurred. He opined that, based on the skid marks on the pavement, the motorcycle appeared to take "evasive action" before Kapfhamer struck it with his vehicle "head-on."

¶11 The jury was also presented with police body camera footage of Kapfhamer explaining that he did not see the motorcycle and admitting that "we were both trying to beat the light" and "I should probably have slowed down a little bit." Furthermore, Officer Jeffery Pierson, a trained drug recognition expert, testified about the drug influence evaluation he conducted on Kapfhamer after the accident and his conclusion that Kapfhamer "was under the influence of cannabis and subsequently unable to safely operate a motor vehicle." The medical examiner who conducted Pulkilla's autopsy discussed the injuries on Pulkilla's

body, the lack of drugs in his system including a blood alcohol level below 0.02, and opined that his cause of death was from "multiple blunt force injuries."

¶12 From the evidence, the jury could have concluded that Kapfhamer caused Pulkilla's death by failing to yield the right of way to Pulkilla's oncoming motorcycle when Kapfhamer attempted to turn left and subsequently hit and fatally injured Pulkilla. Therefore, we reject Kapfhamer's argument that the evidence introduced at trial was insufficient for the jury to find that his operation of his vehicle caused Pulkilla's death. *See **Poellinger***, 153 Wis. 2d at 507.

## II. Ineffective Assistance of Counsel

¶13 In reviewing Kapfhamer's postconviction motion, we must first "determine whether the motion on its face alleges sufficient material facts that, if true, would entitle the defendant to relief." ***State v. Ruffin***, 2022 WI 34, ¶27, 401 Wis. 2d 619, 974 N.W.2d 432. This is a question of law that we review independently. ***Id.***

¶14 However, "if the motion does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the circuit court has the discretion to grant or deny a hearing." ***State v. Allen***, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433. We review the circuit court's discretion to grant or deny a hearing for an erroneous exercise of discretion. ***Id.***

¶15 "Under the Sixth and Fourteenth Amendments to the United States Constitution, a criminal defendant is guaranteed the right to effective assistance of counsel." ***State v. Balliette***, 2011 WI 79, ¶21, 336 Wis. 2d 358, 805 N.W.2d 334. A defendant must establish two elements to demonstrate that he received

ineffective assistance of counsel: (1) "that counsel's performance was deficient"; and (2) "that the deficient performance resulted in prejudice to the defense." *Id.*

¶16     To show that counsel's performance was deficient, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). To show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

¶17     Regarding trial counsel's deficient performance, Kapfhamer alleged that he was advised that his two prior convictions for driving while intoxicated would be used against him at trial if he testified in his defense. Kapfhamer argued that trial counsel's advice was "legally incorrect" because the jury would have learned that he had prior convictions, but not what the convictions were for. *See* WIS. STAT. § 906.09(1) ("[A] witness may be asked whether the witness has ever been convicted of a crime … and the number of such convictions …. [N]o further inquiry may be made unless it is for the purpose of rehabilitating the witness's character for truthfulness.").

¶18     The State does not contest whether Kapfhamer's postconviction motion included sufficient facts to show that trial counsel's performance was deficient and instead assumes deficiency was sufficiently alleged for the purposes of this appeal. Because we conclude below that Kapfhamer failed to sufficiently allege prejudice, we assume without deciding that Kapfhamer's postconviction motion included sufficient factual allegations establishing that trial counsel's

performance was deficient. *See Strickland*, 466 U.S. at 697. Thus, we turn to prejudice.

¶19    As an initial matter, Kapfhamer first argues that this court should presume prejudice instead of analyzing whether he sufficiently alleged that he was prejudiced under **Strickland** because trial counsel's deficient performance deprived Kapfhamer of his right to testify at trial. In doing so, Kapfhamer ignores *State v. Flynn*, 190 Wis. 2d 31, 527 N.W.2d 343 (Ct. App. 1994), which the circuit court relied on when it declined to presume prejudice when evaluating Kapfhamer's postconviction motion. *See id.* at 56-57 (refusing "to ignore the required two-prong **Strickland** analysis and impose a *per se* rule, which would require reversal in those cases where trial counsel prevents a defendant from testifying[.]").

¶20    In his reply, Kapfhamer also fails to address the State's arguments under *Flynn* and the State's contention that he conceded this argument for failing to address in his appellant's brief how the circuit court erred when it relied on *Flynn*'s holding. The "[f]ailure to address the grounds on which the circuit court ruled constitutes a concession of the ruling's validity. This is especially true where, as here, the respondent raises the grounds relied upon by the circuit court, and the appellant fails to dispute these grounds in a reply brief." **West Capitol, Inc. v. Village of Sister Bay**, 2014 WI App 52, ¶49, 354 Wis. 2d 130, 848 N.W.2d 875 (citation modified); *see also* **United Coop. v. Frontier FS Coop.**, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (explaining that the appellant's failure to respond to an argument made in the respondent's brief may be taken as a concession). Therefore, we consider Kapfhamer's argument that prejudice should be presumed here conceded and address prejudice under *Strickland*.

¶21 In his postconviction motion, Kapfhamer argues that he was prejudiced by trial counsel's deficient performance because he would have otherwise testified and, if he had testified, there is a reasonable probability that the result of the trial would have been different. On appeal, Kapfhamer identifies three allegations in his motion that are relevant to whether he was prejudiced and asserts that they are sufficient to entitle him to an evidentiary hearing. We disagree.

¶22 Kapfhamer alleged the following:

> v. Had Kapfhamer testified at trial, he would have testified that at all times on November 2, 2015, while operating his vehicle, he was exercising due care before and at the time of the accident. (Factual assertion 5)
>
> vi. Had Kapfhamer testified at trial, he would have testified that the accident that occurred in this case was going to happen regardless of whether he had marijuana in his system. (Factual assertion 6)
>
> vii. Had Kapfhamer testified at trial, he would have testified that his operation of his vehicle was not a substantial factor in causing the death of [Pulkilla], in this case. (Factual assertion 7)

¶23 Postconviction motions sufficient to entitle a defendant to an evidentiary hearing must contain "the five 'w's' and one 'h'; that is, who, what, where, when, why, and how." *Allen*, 274 Wis. 2d 568, ¶23. Kapfhamer's postconviction motion does not include any specific facts that would allow a reviewing court to assess how he would have testified and whether such testimony would have a reasonable probability of altering the outcome of the trial. *See id.*, ¶¶21-24. Critically, he made no allegations that would support the conclusions that he was exercising due care while he was operating his vehicle, that the accident would have happened regardless of his actions, and that his operation of the vehicle was not a substantial factor in causing Pulkilla's death.

¶24 Without material factual allegations, Kapfhamer's statements are conclusory and cannot support his claim that he was prejudiced by trial counsel's deficient performance. *See Id.* Therefore, the circuit court did not err when it denied Kapfhamer's postconviction motion without an evidentiary hearing.

### III. Kapfhamer's Waiver of his Right to Testify

¶25 Finally, Kapfhamer challenges his waiver of his right to testify, arguing it was not knowing and voluntary due to trial counsel's inaccurate legal advice. We consider this issue forfeited because Kapfhamer did not raise it before the circuit court in his postconviction motion.[2]

¶26 "It is a fundamental principle of appellate review that issues must be preserved at the circuit court. Issues that are not preserved at the circuit court, even alleged constitutional errors, generally will not be considered on appeal." *State v. Huebner*, 2000 WI 59, ¶10, 235 Wis. 2d 486, 611 N.W.2d 727. "[F]or new issues on appeal to be considered as a matter of right, they must be raised in a postconviction motion." *State v. Klapps*, 2021 WI App 5, ¶23, 395 Wis. 2d 743, 954 N.W.2d 38 (emphasis omitted); *but see* WIS. STAT. § 974.02(2) ("An appellant

---

[2] In his reply brief, Kapfhamer contends that forfeiture is inappropriate because he challenged his waiver of the right to testify in his postconviction motion, and the circuit court did not address it. Kapfhamer directs our attention to case law generally discussing the importance of the right to testify and portions of arguments regarding the ineffectiveness of trial counsel. However, Kapfhamer only raised one argument—ineffective assistance of counsel—in his postconviction motion. *See State v. Jaramillo*, 2009 WI App 39, ¶13, 316 Wis. 2d 538, 765 N.W.2d 855 (explaining how an ineffective assistance of counsel claim and a challenge to waiver are separate arguments when trial counsel's conduct forms the basis of both claims). Therefore, we conclude that Kapfhamer did not separately challenge whether his waiver of his right to testify was knowing and voluntary before the circuit court. *See Bishop v. City of Burlington*, 2001 WI App 154, ¶8, 246 Wis. 2d 879, 631 N.W.2d 656 ("A litigant must raise an issue with sufficient prominence such that the [circuit] court understands that it is being called upon to make a ruling.").

is not required to file a postconviction motion in the [circuit] court prior to an appeal if the grounds are sufficiency of the evidence or issues previously raised."); WIS. STAT. RULE 809.30(2)(h).

¶27 Kapfhamer chose not to raise this issue in postconviction proceedings, and instead focused solely on the ineffective assistance of counsel claim we addressed above.[3] He contends that we must consider his argument because his right to testify cannot be forfeited. *See State v. Nelson*, 2014 WI 70, ¶20, 355 Wis. 2d 722, 849 N.W.2d 317 ("The fundamental nature of the right to testify means that it is not subject to forfeiture."). However, the right to testify can be waived, *see id.*, and Kapfhamer does not dispute that the circuit court engaged him in a thorough colloquy before he waived his right to testify. We conclude that Kapfhamer has forfeited his argument that his waiver was not knowing and voluntary due to trial counsel's inaccurate legal advice on appeal because he failed to raise it before the circuit court.

## CONCLUSION

¶28 We conclude that sufficient evidence was introduced at trial to support Kapfhamer's conviction. Additionally, assuming that Kapfhamer's postconviction motion sufficiently alleged facts showing trial counsel's

---

[3] We note that Kapfhamer was aware of this issue prior to postconviction proceedings. This court previously dismissed the no-merit appeal, *State v. Kapfhamer*, No. 2019AP1703-CRNM, unpublished op. and order (WI App Nov. 23, 2022). In doing so, we identified that "whether Kapfhamer's trial attorneys gave him incorrect advice that resulted in Kapfhamer making a decision to waive his right to testify that was not knowing, intelligent, and voluntary" was a nonfrivolous issue that Kapfhamer may be able to pursue in postconviction proceedings. *Id.* at 3-4. Additionally, we clarified that a challenge to his waiver of his right to testify was separate from and "not confined to a claim of ineffective assistance of counsel." *Id.* at 4 n.4 (citing to *Jaramillo*, 316 Wis. 2d 538, ¶13).

11

deficiency, we conclude that Kapfhamer failed to allege facts showing that he was prejudiced by trial counsel's deficient performance. Accordingly, we affirm the circuit court's order denying Kapfhamer's postconviction motion without a hearing.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.